# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:13CR365** |
| vs. | |
| **ANDREW MENARD,** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Defendant's Motion for Compassionate Release, ECF No. 195. The Defendant, represented by counsel, seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

  (i) extraordinary and compelling reasons warrant such a reduction;

> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Defendant asserts that he submitted a request for compassionate release to his Warden on April 6 and 15, 2020, and received no response as of August 14, 2020. The Defendant submitted supplementary materials on August 17, 2020, reflecting the Bureau of Prisons' determination that he is "appropriate to be released to Home Confinement related to Covid19," although the facility where he is confined, FPC Duluth, had no active cases of the viral infection among its inmates or staff as of that date. Accordingly, it is unclear whether the Defendant's request for compassionate release was granted, denied, or not answered. Regardless, the Court will address his Motion.

The Defendant was sentenced on August 11, 2014 to a term of 168 months incarceration on Count I of the Indictment (conspiracy to distribute 50 grams or more of actual methamphetamine) and 60 months consecutive on Count X (carrying a firearm in furtherance of a drug trafficking offense). His was in Criminal History Category V. He is now 33 years of age. It appears that he has gained 30 pounds while in prison, and he states that he is now over-weight. He also notes that before his incarceration in 2013, he was a pack-a-day smoker. He fears adverse health consequences if he is exposed to the coronavirus in the correctional setting.

The Defendant does not meet criteria listed in U.S. Sentencing Guidelines § 1B1.13 Application Note 1(A), (B), or (C), for release under 18 U.S.C. § 3582(c)(1)(A) based on any medical condition. Essentially, he argues that the coronavirus pandemic

presents an extraordinary and compelling reason for his release from custody under Application Note 1(D),[1] although there are no active cases in his facility.

The Court accepts as true the Defendant's assertion that he has had an exemplary record of conduct during his incarceration. The Court also acknowledges and appreciates the record of academic and vocational programming the Defendant has submitted, demonstrating his efforts toward rehabilitation. Regardless, the Defendant has not shown any extraordinary and compelling reason for a reduction in his sentence, and such a reduction would not be consistent with policy statements issued by the Sentencing Commission nor the factors set out in § 3553(a)(1),[2] (2)(A) through (C),[3] and (6).[4]

Accordingly,

IT IS ORDERED:

The Defendant's Motion for Compassionate Release, ECF No. 195, and Supplement to Motion, ECF No. 199, are denied.

Dated this 24th day of August 2020.

---

[1] U.S.S.G. § 1B1.13 and related Commentary from the Sentencing Commission were most recently updated on November 1, 2018, before the effective date of the First Step Act—December 21, 2018. Accordingly, the Guideline and Commentary still presume that a reduction in sentence under § 3582(c)(1)(A) must be made upon motion of the Director of the Bureau of Prisons. Application Note 1(D), titled "Other Reasons" is a catch-all provision, noting that the Director may determine "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." This Court infers that the Commission would apply the same criteria, including the catch-all provision of Application Note 1(D), in the wake of the First Step Act's amendment to § 3582(c)(1)(A), and that this Court may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence.

[2] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant . . . ."

[3] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . ."

[4] "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge